# EXHIBIT "7"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARA MCCALVIN, GHANI SMITH, HOLLI WISE, JAMES C. DEVIESE and THERESA DEVIESE<br><br>*on behalf of themselves and all others similarly situated*<br><br>                            Plaintiffs,<br><br>        vs.<br><br>CONDOR HOLDCO SECURITIZATION TRUST, CONDOR ASSETCO SECURITIZATION TRUST & CONDOR RECOVERY SECURITIZATION TRUST,<br>                       Defendants. | CLASS ACTION<br><br><br><br>CIVIL ACTION NO. 17-cv-01350(TJS) |

## CERTIFICATION OF CARY L. FLITTER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, CARY L. FLITTER, certify the following to be true and correct:

I am an adult individual, a member of the bar of this Court in good standing, and counsel for the Plaintiffs and the putative Class in the above-captioned action. This Certification is submitted in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

### Qualifications of Counsel

1.  I am a principal with the law firm of Flitter Milz, P.C. with offices in Montgomery County, Pennsylvania and southern New Jersey. My practice entails a variety of consumer credit and consumer rights matters, both individual and consumer class action.

### Bar Admissions

2.  I have been admitted to the bar for 37 years (1981). I am admitted to practice and in good standing before the United States Supreme Court (1999), the United States Court of Appeals for the Third Circuit (1983), the Fourth Circuit (1990), and the Eighth Circuit (2001); the

United States District Court for the Eastern District of Pennsylvania (1981), Middle District of Pennsylvania (1995), District of New Jersey (1981), and the District of Nebraska (2000); the Supreme Court of Pennsylvania (1981), the Supreme Court (App. Div. 3d Dept.) of New York (2017), and the Supreme Court of New Jersey (1981).

**Teaching Appointments and Academic Guest Lectures**

3.        a)  Temple University, James E. Beasley School of Law -- Adjunct Faculty, Consumer Law and Litigation, 2009 to present;

b)  Widener University Delaware Law School -- Adjunct Faculty, Consumer Law and Litigation, 1999 to present;

c)  Philadelphia University -- Adjunct Faculty, Commercial Law (1991 to 1998).

4.        I have delivered guest lectures at these academic venues (partial list):

a)  Harvard Law School, Cambridge, MA, *Consumer Litigation Strategies and the Law of Statutory Attorneys Fees*, March 2007;

b)  University of Pennsylvania Law School, Philadelphia, PA, Co-Presenter, *Advocacy for Justice in Consumer Matters,* March 2011;

c)  University of Houston Law Center, Houston, TX, (Symposium for Consumer Law Professors) *Teaching Consumer Law*, May 2008; *View from the Trenches*, Santa Fe, NM, May 2012 and May 2014;

d)  University of Salvador, School of Law, Buenos Aires, Argentina, *Comparative U.S. Consumer Protection Laws*, August 2008;

e)  University of Utah, SJ Quinney College of Law, *The Law of Deception Under the Fair Debt Collection Practices Act*, March 2009;

f)  Gonzaga University School of Law, Spokane, WA, *Consumer Class Action Fundamentals,* October, 2010; *Consumer Law Strategies and Developments*, February 2010 and March 2011;

g)  University of Maryland, F.K. Carey School of Law, Baltimore, MD, Presenter *Consumer Law Triage*, October 2011; *Debt Buyer Suits,* March 2013.

**Education**

5.      1976 - Philadelphia University - Bachelor of Science in Finance.    President, Alumni Board 1990–92.  Member, College Board of Trustees, 1990–92.  Recipient, Hughes Award for the Advancement of Scholarship, 1997.

1981 - Delaware Law School, Widener University - Juris Doctor; American Jurisprudence Award for Scholarship in Corporations and Partnerships; 1998 Outstanding Service Award for dedication and service to the legal community.  Honored as Alumnus of the Year, 2011.

National Institute for Trial Advocacy:

1986 - Trial Skills and Methods - University of Pennsylvania;

1990 - Federal and State Court Motion Practice - University of Denver;

2009 – Spence Trial Lawyers College

**Legislative/Administrative Proceedings**

6.      -Federal Trade Commission, Division of Financial Practices: Panelist, *Workshop on Debt Collection -- The Role of Creditors.*  Washington DC, October 2007 (Testimony cited in FTC Final Report found at http://www.ftc.gov/bcp/workshops/debtcollection/dcwr.pdf).

-Federal Trade Commission, Division of Financial Practices: Panelist, *Workshop on*

*Debt Collection: Protecting Consumers.*  Washington DC, December 2009**.**

-Federal Trade Commission, Division of Financial Practices:  Panelist, *Workshop-Debt Collection 2.0 Telephone Technologies:  Dialing, Talking and Texting in an Age of Enhanced Mobility*, Washington DC, April 2011.

**Bar Lectures/CLE Presentations (Past 10 Years)**

**2018**

7.      Course Planner and Co-Presenter, *Fair Debt Collection Practices Act Developments*, Montgomery Bar Assn., Norristown, PA, June 2018; Planner and Presenter, *Consumer Law Developments Under the FDCPA and Pa. Unfair Trade Practices and Consumer Protection Law*, Mid-Penn Legal Services, Harrisburg, PA, June 2018; Co-Presenter: *Consumer Law from the Trenches,* Bi-Annual Symposium Teaching Consumer Law, Sponsored by University of Houston Center for Consumer Law, Santa Fe, NM, May 2018.

**2017**

Co-Presenter, *Successfully Litigating Auto Cases Under the Consumer Leasing Act*, National Consumer Law Center Annual Litigation Conf., Washington, DC, November, 2017; Presenter: *Overview of State and Federal Restraints on Debt Collection*, Part of *Representing the Pro Bono Client: Consumer Law Basics 2017*, Practicing Law Institute, San Francisco, CA, June 2017.

**2016**

Co-Presenter, *Consumer Law Practice Tips*, National Consumer Law Center Annual Litigation Conference, Anaheim, CA, October 2016; Planner and co-presenter, *Appellate Advocacy in the 3d Circuit*, with Hon. Cheryl Krause and Hon. Marcia Waldron, Montgomery Bar

Assoc., March 2016; Co-Presenter, *Doing Well While Doing Good: A Practice Makeover*, National Consumer Law Center, Fair Debt Collection Practices Act Conference, Miami, FL, March 2016.

**2015**

Co-Presenter, *Police Liability and Breach of the Peace in Vehicle Repossessions*, National Consumer Law Center Annual Litigation Conference, San Antonio, TX, November, 2015; Co-Presenter, *Fair Debt Developments in the Federal Courts of Appeal*, National Consumer Law Center Annual Fair Debt Conference, Washington, DC, March 2015.

**2014**

Presenter, *Fair Credit Reporting and Fair Debt Collection Update*, Bucks County Bar Association, Dec. 2014; Presenter, *Consumer Protection Litigation for the Bankruptcy Petitioner*, PBI 19th Annual Bankruptcy Institute, Philadelphia, PA, October, 2014; Course Planner and Presenter, *Consumer Law for the Pro Bono Practitioner*, Berks County Bar Association, Reading, PA, October, 2014; Course Planner and Presenter, *Credit Reporting, Fair Debt Collection and Repossession – Identifying Consumer Law Claims,* Lycoming Law Association, Williamsport, PA, September 2014; Course Planner and Presenter, *Consumer Law for the Bankruptcy Practitioner*, Reading, PA, September, 2014; Course Planner and Presenter, *Consumer Law Claims in Bankruptcy,* Eastern District Bankruptcy Conference CLE, Philadelphia, PA, June 2014; Presenter, *Consumer Law for the Legal Aid Lawyer*, Portland, ME, February 2014.

**2013**

Panelist; *Communication With Your Class Representative*, National Association of Consumer Advocates Class Action Symposium, Washington, DC, November 2013; Presenter, *Collection of Judgments and Consumer Law Pitfalls*, Montgomery County Bar Association, Norristown, PA, October 2013; Panelist, *Consumer Debt Collection Perspectives,* National

Association of Retail Collection Attorneys Annual Conference, George Washington University Law School, Washington, DC, October 2013; Co-Presenter, *Fair Debt Collection Practices Act, Ask the Experts,* National Consumer Law Center Annual Fair Debt Conference, Baltimore, MD, March 2013; Co-Presenter, *Anatomy of a Debt Buyer Case*, University of Maryland School of Law, Baltimore, MD, March 2013.

**2012**

Co-Presenter, *Consumer Law Update:  An Active 12 Months,* Montgomery Bar Association, Debtor/Creditor/Bankruptcy Section, November 2012; Co-Presenter, *Consumer Law Practice Pointers,* National Consumer Law Center Annual Conference, Seattle, WA, October 2012; Co-Presenter, *Successful Mediation of Federal Court Cases,* Montgomery Bar Association Federal Courts Committee, May 2012; Panelist, *How the FDCPA Impacts the Practice of Law,* American Bar Association, Business Law Section, Consumer Financial Services Committee Section, Annual Meeting, Las Vegas, NV, March 2012; Co-presenter, *Fair Debt Collection Practices Act, Ask the Experts,* National Consumer Law Center Annual Fair Debt Conference, New Orleans, LA, February 2012.

**2011**

Co-presenter, *Holding Abusive Debt Collectors Accountable,* National Consumer Law Center Annual Conference, Chicago, IL, November 2011; Presenter, *Consumer Law Developments for Pro Bono Counsel*, Berks County (PA) Bar Program, Reading, PA, Oct. 2011; Co-presenter, *Consumer Credit Law Update*, Montgomery Bar Association, September 2011; Co-presenter, *Fair Debt Collection Practices Act, Ask the Experts,* National Consumer Law Center Conference, Seattle, WA, March 2011; Co-presenter, *Creditor Liability for Debt Collector*

*Conduct:  What Your Collectors and Law Firms Do Can Hurt You;* ALI-ABA Webinar, February 2011.

**2010**

Course planner and presenter:  *Consumer Law Strategies for the Legal Aid Lawyer,* Philadelphia, Harrisburg, Pittsburgh, PA, November, December 2010; Course planner and co-presenter, *Consumer Credit Law Developments* (federal and Pennsylvania) with Theodore Lorenz, Esq., Montgomery County Bar Association, Norristown, PA October 2010; Course planner and co-presenter, *An Afternoon with our Federal Bench*, with Hon. Anthony Scirica, Hon. D. Michael Fisher, USCA, and Hon. Harvey Bartle, Chief Judge, USDC, E.D. Pa., Montgomery County Bar Association, Norristown, PA, June 2010; Co-Presenter, *Fair Debt Collection Practices Act: Ask the Experts,*  National Consumer Law Center program, Jacksonville, Florida, February 2010.

**2009**

Co-Presenter, *Fair Debt Collection Practices Act, Ask the Experts,* National Consumer Law Center Annual Conference, Philadelphia, PA, October 2009; *Ethical Issues in Class Counsel Fees,* National Consumer Law Center Class Action Symposium, Philadelphia, PA, October 2009; Course Planner and Co-Presenter *Federal Court Update¸* Montgomery County Bar Association (at Nemacolin) October 2009; Course Planner and Co-Presenter, *Consumer Debt Litigation*, Pa. Bar Institute, Philadelphia, PA (simulcast to 5 Pa. locations), June 2009; Co-Presenter, *Impermissible Access to Consumer Credit Reports*, National Association of Consumer Advocates Fair Credit Reporting Act Conference, Chicago, IL, May 2009;  Co-Presenter, *Ethical Issues in Consumer Class Action Practice,* National Consumer Law Center Annual Fair Debt Conference, San Diego, CA, February 2009.

**2008**

Co-Presenter, CLE: *Doing Well While Doing Good; What Makes a Successful and Fulfilling Consumer Law Practice*, National Consumer Law Center, Portland, OR, October 2008; Course Planner and Co-Presenter, CLE: *The Third Circuit Comes to Montgomery County*, with Hon. Kent A. Jordan, U.S.C.A. and Hon. Marcia Waldron, Clerk, U.S.C.A. *Effective Appellate Advocacy in the 3d Circuit Court of Appeals*, Montgomery County Bar Association, Norristown, PA, November 2008; Co-Presenter (consumer perspective), *FDCPA Developments, Point Counterpoint,* Debt Buyers Annual Conference, Las Vegas, NV, February 2008.

**2007**

Co-Presenter, *Civil Remedies for Identity Theft*, Widener University School of Law, Wilmington, DE, August 2007; Presenter, *Permissible Uses of Consumer Credit Reports,* National Association of Consumer Advocates Fair Credit Reporting Conference, Denver, CO, May 2007; Course Planner and Co-Presenter: *Consumer Credit Litigation Developments,* Pa. Bar Institute, Philadelphia and Allentown, PA, March 2007; Co-Presenter: *FDCPA Developments, Ask the Experts,* National Association of Consumer Advocates Fair Debt Collection Practices Conference, Tucson, Arizona, March 2007;

**2006**

Course Planner and Co-Presenter, *FDCPA After Brown v. Card Service Center: What is Deceptive?,* Pa. Bar Institute Webcast, Philadelphia, December 2006; Co-Presenter, *Developments in Class Trial Plans,* National Consumer Law Center Class Action Symposium, Miami, FL, November 2006; Presenter, *Impermissible Access to Consumer Credit Reports*, National Association of Consumer Advocates, Las Vegas, NV, May 2006; Co-Presenter, *Fair Debt*

8

*Collection Practices Act Developments, Ask the Experts,* National Association of Consumer Advocates, Austin, TX,  February 2006;

**Publications**

8.        Contributing author, *Pennsylvania Consumer Law* by Carolyn Carter, Bisel Publishing Co., 2003, Supp. 2017.  This is the leading legal treatise in Pennsylvania on consumer law issues.

9.        Contributor, *Consumer Class Actions*, 5th Ed., National Consumer Law Center, Boston, MA.

10.        Editorial Advisor and Contributor, *Consumer Financial Services Law Report*, West Publishing, 2007 to 2015.

11.        Legal Intelligencer - *When is a Lawyer a Debt Collector?* - February 2000; Legal Intelligencer - *Consumer Protection Law Amendments Add Teeth* - March 1997; The National Law Journal - *Statutory Attorney's Fees* - February 1999 (partial list).

 **Quoted/Featured/Contributed**

12.        Philadelphia Inquirer – *A Victory in the Fight Against Robocalls*, October 20, 2013; Fox Business.com – *Damaged Credit:  Can you Sue?*, April 5, 2013; Fox Business.com – *Has Your Credit Report Been Viewed Illegally?,* March 8, 2013; Allentown Morning Call – *Court Tosses Debt Collector's Suit,* February 21, 2011;  NBC10 TV News - *Fight Back Against Abusive Debt Collectors,* Tracey Davidson segment, March 31, 2009; Fox29 TV News - *Local Pay Day Lender Dumping Financial Documents*, January 2009;  New York Times - *Citing 15 Year Delay, Suit Seeks Action on Rebuilt* Wrecks - Feb. 10, 2008 (automobiles); Fox29 TV News - 2007; Time Magazine  –  *Sue  Up  or  Shut  Up!*  –  October  19,  2006  -  www.time.com/time/nation/printout/0,8816,1548158,00.html; Consumer Financial Services

Law Report – *A Dunning Letter that Could Propose Legal Action may Violate FDCPA* – October 18, 2006; ABA Journal EReport – *Coulda Woulda Shouldn'ta Debt Collectors Who Warn They Could (But Don't) Sue May Run Afoul of Debt Act* – October 18, 2006 - www.abanet.org/journal/ereport/oc13debt.html;  Fox 29 TV News Consumer Alert:  *Local Car Dealership Customers Victimized by ID Theft* – August 2006; Consumer Financial Services Law Report, *Do the Math:  FDCPA Class Action Award Depends on Statutory Language* – August 2006; NBC10 TV News Consumer Alert - *Legal Redress for Fraudulent Sales* – April 11, 2006; Debt Collection Compliance Alert:  *Avoid These Traps - - 6 Mistakes that Can Get You Sued* – July 2005; Consumer Financial Services Law Report:  *Liability May Follow Deviation From FDCPA Notice Language* – May 18, 2005; Consumer Financial Services Law Report:  *ID Theft Claim Against Car Dealer Shifts Into Gear* – August 11, 2004; Philadelphia Inquirer, *Montgomery County Car Dealer to Face Class Action for Identity Theft* – October 2002; Consumer Financial Services Law Reporter, *Advantages and Disadvantages of Using Expert Witnesses in Consumer Finance Litigation* - August 2002; Bankrate.com, *Consumer Remedies Under the Fair Credit Billing Act* - June 2002; NBC-10 TV News, *Consumer Online Chat* - January 2001; Fox-29 TV News, *Automobile Financing Fraud* - November 2000; CBS News Market Watch *Effect of Credit Repair Organizations Act* October 2000; Fox-29 TV News, *Predatory Lending* - October 2000; Pennsylvania Lawyer Magazine *Sleuthing Through the Ledger* - January/February 1999; Legal Intelligencer, *Kelly: 9.5 Million Damage Range Not Specific Enough for Discovery* - June 1998; Legal Intelligencer, *Class Action Settlement Worked out with Bally's Collection Attorney* - July 1997.

**Bar Association Appointments/Honors**

13.        2000-2010, 2012, 2015-2018 Co-Chair of the Federal Courts Committee of the Montgomery Bar Association.  In that capacity, I assist in liaison projects between the County Bar and the Eastern District (of Pa.) bench and Third Circuit bench, and events and visits by our judges and planning and presentation of CLE program(s) on federal practice developments.    We were honored with Committee of the Year Award (2000) by the president of the Montgomery Bar Association.  From 2006 to 2009, I served as a director of the Montgomery Bar Association.

14.        I was appointed by (then) Chief Judge Tucker to the E.D. Pa. Magistrate Judge Retention Panel, 2016; I was appointed by (then) Chief Judge Bartle to the E.D. Pa. Magistrate Judge Selection Panel, 2006; I was appointed by (then) Chief Judge Giles to the E.D. Pa. Magistrate Judge Retention Panel, 2003-04.

15.        In 2010, I was appointed to the Pennsylvania Bar Association's standing Uniform Commercial Code Task Force, charged with consideration and drafting of proposed amendments to Article 9.

16.        I was honored to receive the Jeffrey A. Ernico Award for Support of Legal Services to the Public from the President of the Pennsylvania Bar Association in October of 2006.

17.        I was honored to receive the Pennsylvania Bar Association Attorney *Pro Bono* Award from the President-Elect of the Pennsylvania Bar Association in November 2011 for services to legal aid organizations throughout Pennsylvania.

18.        I was honored to receive the Widener University - Delaware Law School Alumnus of the Year Award for 2011.

19.        I was honored to receive the 2013 Pa. Legal Aid Network PLAN Excellence Award for service to legal aid organizations throughout Pennsylvania.

20.       I was honored to receive in 2013 the Montgomery Bar Association's Henry Stuckert Miller Public Service Award for leadership and service to the community.

21.       I was honored to receive in 2014 the Consumer Lawyer of the Year Award from National Association of Consumer Advocates.

22.       I was honored to receive in 2017 the Montgomery Bar Association President's Award for continued support for Legal Aid and Access to Justice.

**Recent Representative Cases**

23.       There are well over 100 reported federal and state decisions in which I was lead or co-lead counsel, available on Westlaw and Lexis.  Significant recent cases include:

*Homer v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, No. 17-880, 2018 WL 2239556, at \*2 n.14 (E.D. Pa. May 16, 2018) (citing to the Flitter declaration and finding Flitter to be an "experienced consumer litigation attorney").

*Cubler v. Trumark Fin. Cr. Un*., 83 A.3d 235 (Pa. Super. Ct. 2013) (First impression holding UCC Article 9 statutory damages to be compensatory, not penal, and subject to 6 year statute of limitation).

*Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014) (First impression, holding that a collector's disclosure of consumer's account number on an envelope violates FDCPA's privacy protections).

*Gager v. Dell Fin. Serv*., 727 F.3d 265 (3d. Cir. 2013)(First impression holding that consumers have the right to halt creditor calls and texts to their mobile device under Telephone Consumer Protection Act).

*Cappuccio v. Prime Capital Funding, LLC*, 649 F.3d 180 (3d Cir. 2011)(predatory mortgage fraud case under Truth-in-Lending Act and, at trial level, under Equal Credit Opportunity

Act; holding in first impression that borrower's testimony alone sufficient to rebut presumption of delivery of material disclosures).

*Rosenau v. Unifund*, 539 F.3d 218 (3d Cir. 2008) (FDCPA case, successful challenge to phony "Legal Dept."); settlement class approved on remand at 646 F. Supp. 2d 743 (E.D. Pa. 2009).

*Brown v. Card Service Center*, 464 F.3d 450 (3d Cir. 2006) (First Impression, Court adopts FTC standard for deception, finds false suggestion of possible suit as deceptive under Fair Debt Collection Practices Act).

*Cosgrove v. Citizens Auto Finance*, 2011 WL 3740809, (E.D. Pa. Aug. 26, 2011)(granting final approval to repossession practices/Article 9 class settlement valued at over $10 million while finding that class counsel (Flitter and firm) "consistently presented excellent work to the Court.") *Id.* at *10.

*McGee v. Continental Tire*, 2007 WL 2462624 (D.N.J. Aug. 27, 2007) (Federal Jurisdiction over Magnuson-Moss Warranty Claims) *final class approval at* 2009 WL 539893 (DNJ, March 4, 2009)($8M class settlement to purchasers of defective tires).

*Watson v. NCO Group*, 462 F.Supp.2d 641 (E.D. Pa. 2006) (In case of first impression, holding Robot Collection Calls to non-debtor consumer prohibited by Telephone Consumer Protection Act,  not Exempted by FCC Regulation).

*Ciccarone v B.J. Marchese, Inc.*, 2004 WL 2966932 (E.D.Pa. Dec. 22, 2004)(final approval to $2.45M settlement in Identity Theft class action under Fair Credit Reporting Law).

*McCall v. Drive Fin. Servcs.*, 2009 WL 8712847 (Phila. C.C.P. Apr. 10, 2009) (certification on contest of statewide Pennsylvania class for improper vehicle repossession

practices; settlement value at $50 million in cash, debt forgiveness and equitable relief approved at 2010 WL 4150875 (Phila. C.C.P. July 21, 2010)).

*Hartt v. Flagship Credit Corp.*, 2010 WL 2736959 (E.D. Pa. July 8, 2010) (retaining UCC repossession class case of Texas consumers against Pennsylvania lending institution; later approving classwide settlement of $2.5 million in cash, $11.28 million in debt forgiveness plus equitable relief).

## Appointment(s) as Class Counsel

24.     I have been approved as Class Counsel or co-counsel in the following cases (partial list):

(a)     *Saxe v. First National Bank*, Lackawanna Co. CCP No. 13-CV-4438 (Final Approval dated May 31, 2017) (Repossession/Article 9 case).

(b)     *Phillips v. TD Bank*, 189 So.3d 791 (Florida, D.C.A. 4th Dist. 2016) (affirming denial of arbitration; class settlement approved at CACE 15-001612(02), Aug. 8, 2012.

(c)     *Harlan v. Transworld Systems, Inc.,* 302 F.R.D. 319 (E.D. Pa 2014) (FDCPA class case, preliminary, then final approval).

(d)     *Durr v. Rochester Credit Center, Inc.,* 2012 WL 2130953 (E.D. Pa. June 5, 2012) (class settlement approved Mar. 5, 2013) (FDCPA class case) (EL).

(e)     *Cosgrove v. Citizens Auto. Fin.*, 2011 WL 3740809 (E.D. Pa. Aug. 25, 2011)(approval of class settlement in defective repossession notice case under Pa. UCC) (BMS).

(f)     *Hartt v. Flagship Credit Corp.,* U.S.D.C. E.D. Pa. No. 10-cv-0822(Final judgment and order of dismissal dated Apr. 5, 2011)(class settlement of defective repo notice case under Texas law).

(g)       *McCall v. Drive Fin. Servs.*, 236 F.R.D. 246 (E.D. Pa. 2006) (certifying FDCPA class on contest, appointing Flitter firm as Class Co-Counsel).

(h)       *Rosenau v. Unifund,*  646 F.Supp.2d 743 (E.D. Pa. 2009)(class approval after remand from Court of Appeals, 539 F.3d 218) (3d Cir. 2008)(consumer credit case);

(i)       *McGee v. Continental Tire*, U.S.D.C. DNJ 2:06-cv-6234(GEB) *final class approval at* 2009 WL 539893 (D.N.J. March 4, 2009)(Magnuson Moss Warranty Act class case);

(j)       *Davis v. Riddle*, U.S.D.C. E.D. Pa. 07-cv-0284 (LDD),  2008 WL 4388001 (E.D. Pa. Sept. 22, 2008) (FDCPA class action);

(k)       *Weinstock v. Inovision*, U.S.D.C. E.D. Pa. No. 05-cv-6392(LDD) (Final Approval June 13, 2007, Doc. 54)(FDCPA Class Action);

(l)       *Pozzuolo v. NCO*, U.S.D.C. E.D. Pa. No. 07-cv-1295(PBT)(Final Approval Oct. 6, 2008, Doc. No. 41)(FDCPA class action).

(m)       *Rosenberg v. Academy Collection*, U.S.D.C. E.D. Pa. No. 04-cv-5585 (JP) (March 31, 2006) (FDCPA class, certified then settled);

(n)       *Ciccarone  v. B.J. Marchese,Inc.*,  2004 U.S. Dist. Lexis 26489 (E.D. Pa. Dec. 14, 2004) (Identity theft class action under Fair Credit Reporting Act, certified, later settled) ("Counsel for plaintiffs are commercial litigation attorneys from two different law firms with substantial experience in prosecuting and managing class actions.  They are competent, well-qualified and conducted the litigation with forthrightness and vigor." *Id.* at *11).

25.        I have represented defendant(s) in class actions in the following cases (partial list)

(a)        *Black v. The Premier Co.,* U.S.D.C. E.D. Pa. 01-cv-4317 (JMK) 2002 U.S.

Dist. Lexis 17165 (Title VII employment action; class certification refused)

(b)        *McKowan Lowe & Co. Ltd v. Jasmine Ltd.*, U.S.D.C. D.NJ. 96-cv-2318

(JR) (securities fraud claim; class certification refused), Later proceeding at *McKowan Lowe & Co.*

*v. Jasmine Ltd.*, 295 F.3d 380 (3rd Cir. 2002) (order vacated and remanded, class certified).

**Rule 23(g) Factors**

26.        Rule 23, as amended, requires that the Court "must consider" four factors in

appointing class counsel.  F.R.Civ.P. 23(g)(1)(A).  I offer this portion of the Certification in support

of appointment of my law firm and myself as class co-counsel in the above matter.  Certifications

from my co-counsel are also submitted herewith.

27.        *The work counsel has done in identifying or investigating potential claims in this*

*action*:  When I spoke and met with Plaintiffs Mccalvin, Smith and Wise to discuss the repossession

and documents implicated, we discussed how best to proceed.   It appeared to me, and I continue to

believe, that the repossession notices at bar presents an actionable violation of the UCC.   I believe

the violation is sustainable and I concluded that the remedy is appropriate, and there is no other cause

of action necessary or warranted that provides better remedy in the context of a class action.

28.        *Counsel's experience in handling class actions, other complex litigation, and*

*claims of the types asserted in the action:*  I have handled in the practice of law hundreds of cases

arising under the various consumer protection laws, both in this jurisdiction and elsewhere.  I have

been appointed class counsel or co-counsel in dozens of class cases.  To avoid duplication, I refer to

paragraphs 23 and 24 above.  Additionally, I have, in the course of over 35 years in practice, handled

a variety of complex litigation cases, equally or more complex than this.  These cases arose in a wide

16

variety of commercial contexts, including consumer credit litigation statutes, unfair competition, trade cases, securities cases, civil rights, employment litigation, and other matters.  I have tried over twenty (20) civil jury cases to verdict in consumer, commercial, civil rights, contract and other civil matters in this district and elsewhere.  I have litigated other Article 9 repossession cases as well, class and individual, including *McCall v. Drive Fin. Serv.*, 2009 WL 8712847 (Phila. C.C.P. April 10, 2009) (certifying on contest class of borrowers whose car was repossessed).  *See also* ¶ 24 *supra*.

29.        *Counsel's knowledge of the applicable law*: I believe I can fairly say that I possess a thorough and in-depth knowledge of the UCC.  I have lectured on Consumer Law matters for over twenty (20) years, and have lectured in over fifty (50) venues and sessions throughout the United States.  These have, in the main, been CLE trainings provided for lawyers at various state and local bar associations.  I have also presented at many regional and national conferences sponsored by the American Bar Association ("ABA"), The Practicing Law Institute, ("PLI") The National Consumer Law Center ("NCLC"), the Pennsylvania Bar Institute ("PBI") and other professional organizations. Occasionally, I have lectured for lay or educational groups, or to symposia of other law professors.  I have taught the law of repossession and class action in my Consumer Law and Litigation class at Widener University – Delaware Law School and at Temple University Beasley School of Law.  I have also been asked to, and have delivered guest lectures on consumer law at several leading law schools in the United States and, on occasion, outside the United States.  I have also gained substantial knowledge from our previous handling of dozens of UCC repossession notice cases, both class and individual.

30.        Since 1999, I have served on the adjunct faculty of Widener University – Delaware Law School in Wilmington, DE where I teach Consumer Law and Litigation in the curriculum which

17

I formulated there.  In 2009, I was appointed to the adjunct faculty at Temple University's Beasley School of Law, where I have taught the course in Consumer Law and Litigation.

31.     I am a contributing author to *Pennsylvania Consumer Law* by Carter, Geo. Bisel Publishing Co., the leading treatise in Pennsylvania on consumer law issues.  I am a contributor to *Consumer Class Actions*, *5th Ed.*, published by the National Consumer Law Center, Boston, Massachusetts.   I refer the Court to paragraphs 5 through 25 above.

32.     *The resources counsel will commit to representing the class*: My firm, Flitter Milz, P.C. is an established consumer law firm.  The firm (and its predecessor) has been in practice in this district since 1986.  My firm and co-counsel is advancing any necessary costs, and has the capacity to do so.  I am prepared to advance costs necessary for the case as well as other litigation costs in the case.  To date, I have taken depositions in San Diego, California, and New York City.  The Trusts have produced thousands of detailed documents, which we have reviewed and catalogued.  We advanced substantial fees for two days mediation at JAMS, which ultimately proved successful.  We have expended costs to date, including filing fees, deposition transcripts, and attorney travel, JAMS mediation and have the capacity properly to handle the requisite expenses of prosecuting this class case through final approval of the class settlement.

33.     *The Settlement is Fair*. The cash component of this settlement is within the range of settlements in similar UCC repossession notice class settlements in Pennsylvania, and especially here where the class covers consumers in some forty states. The fees to be requested fall well within the range of that approved by this court in similar UCC class settlements, and by other courts.

34.     A factor driving the decision to settle was the diminished possibility of recovery in prolonged litigation given the Trusts' short-term business model.  The Trusts were formed for the purpose of acquiring loan accounts from Condor Capital Corporation and collecting on those loan

18

accounts.  Because the Trusts' assets will only continue decreasing over time, as the portfolio is paid down, I was concerned about the ability to collect from the Trusts at the conclusion of a more protracted litigation.  If Plaintiffs were to succeed on their Motion for Class Certification, the parties would still have had to undergo merits discovery, dispositive motions practice, and a damages proceeding and appeal.  The risk was one factor in the decision to settle.  The combined settlement at $5,700,000, over $14M in deficiency claims to be forgiven and correction of consumer credit reports is a very good one, and was endorsed by Magistrate Judge Welsh (Ret.) of JAMS.

I certify under penalty of perjury that the foregoing is true and correct.

Date:  6/22/18                          /s/ Cary L. Flitter
                                        CARY L. FLITTER