IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARA MCCALVIN and ABDULLAH ANSARI, On Behalf of Themselves And All Others Similarly Situated | : : : : : | CIVIL ACTION |
| v. | : : | |
| CONDOR SECURITIZATION TRUST, CONDOR CAPITAL CORPORATION, CONDOR HOLDCO SECURITIZATION TRUST, CONDOR ASSETCO SECURITIZATION TRUST, CONDOR RECOVERY SECURITIZATION TRUST and DENNIS O'CONNOR, Individually, and in his capacity as Receiver For Condor Capital Corporation | : : : : : : : : : : : | NO. 17-1350 |

## ORDER

**NOW**, this 8th day of August, 2018, upon consideration of the Plaintiffs' Motion for Preliminary Approval of Class Settlement, Preliminary Determination on Class Certification, and for Issuance of Class Notice (Uncontested) (Document No. 82) and after a hearing, it is **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. The Class Action Settlement Agreement and Release (Document No. 82-2) is preliminarily approved.

2. The terms and conditions of the Settlement Agreement are incorporated in this Order.

3. The following Class is certified for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), as follows:

All persons in the United States:

a. who financed a vehicle primarily for consumer use, whose consumer loan contract or installment sales contract was assigned to the Condor Trusts or one of them;

b. from whom the Condor Trusts, or one of them or their designee, repossessed the financed vehicle, or ordered it repossessed;

c. who were sent a Notice of Our Plan to Sell Property from the Condor Trusts or similar document which did not:

   (1) state whether the vehicle would be disposed of at a public auction or private sale;

   (2) list the time and place of any public sale of the vehicle;

   (3) describe the precise legal name and address of the secured party; or

   (4) state that the borrower had the right to an accounting;

d. or, who were sent no notice at all;

e. from November 23, 2015 through March 28, 2018.

4. This consumer class action challenges the Trusts' practice of sending post-repossession form notices that failed to describe the method of disposition of the repossessed vehicles, the time and place of any public sale of the repossessed vehicles, the secured party, and the right to request an accounting, in violation of Pennsylvania's and other states' Uniform Commercial Codes ("UCC").

5. The Settlement Agreement resolves claims brought against the Trusts for alleged violations of the UCC.[1]

6. The Settlement Agreement provides that the Trusts will deposit $5,700,000.00 ("Settlement Funds") into a settlement fund at PNC Bank, N.A., which will be used to pay members of the Class, costs of settlement administration, and approved counsel fees and costs.

7. The Settlement Agreement requires the Trusts to advise all consumer reporting agencies to which it reports to delete the Trusts' tradelines on each Class Member's credit report.

8. The Settlement Agreement also requires the Trusts to waive and eliminate deficiency claims on Class Members' vehicle loans, totaling over $14,000,000.00, unless the Class Member does not desire this relief.

9. The Settlement Agreement entered into between the parties appears to be fair, reasonable and adequate to the Class.

10. For purposes of preliminary approval, the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

    a. there are approximately 2,890 secured obligations and approximately 3,245 members of the Class;

    b. there are questions of fact and law that are common to all members of the Class;

    c. the claims of the Class representatives are typical of those of the other members of the Class;

---

[1] Plaintiffs state that Pennsylvania's UCC mirrors the model UCC in all substantive respects. Mot. for Prelim. App. at 3 (Doc. No. 82).

d. the Class representatives will fairly and adequately protect the interests of the Class; and

e. counsel for the Class, experienced in complex commercial and class action litigation, has and will continue to adequately represent the Class.

11. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because:

a. a class action is superior to other available methods for the fair and efficient adjudication of this controversy; and

b. questions of fact and law common to members of the Class predominate over any questions affecting only individual members.

12. Plaintiffs Tara Mccalvin, Ghani Smith, Holli Wise, James C. Deviese, and Teresa Deviese are appointed as Class Representatives.

13. Cary L. Flitter, Esquire, Andrew Milz, Esquire, and Jody Lopez-Jacobs, Esquire, and Flitter Milz, P.C., Seth R. Lesser, Esquire and Michael H. Reed, Esquire, and Klafter Olsen & Lesser LLP, Robert Murphy, Esquire, and the Murphy Law Firm, and Robert E. Duff, Esquire, and the Indiana Consumer Law Group are appointed as counsel for the Class ("Class Counsel").

14. American Legal Claim Services, LLC is appointed as the Settlement Administrator.

15. No later than **August 17, 2018**, the Defendants shall provide the Settlement Administrator with a list of the names and last known addresses of the Class Members in readable electronic form.

16. No later than **August 22, 2018**, the Defendants shall deposit the Settlement Funds into an account with PNC Bank, N.A.

17. No later than **August 21, 2018**, the Settlement Administrator shall provide notice to the Class Members by causing a copy of the Class Notice, substantially in the form attached as Exhibit C to the Settlement Agreement, to be mailed by first-class mail to each Class Member at his or her last known address, as updated by the Settlement Administrator with one round of skip-tracing.

18. No later than **August 28, 2018,** the Settlement Administrator shall file proof of mailing of the Class Notice as required by paragraph 17 of this Order.

19. Any Class Member who does not wish forgiveness of any debt he or she owes to the Trusts must submit a request to decline the debt forgiveness. This shall be done by filling out, signing and submitting the form included at the end of the Class Notice, placing the completed form in an envelope, and mailing it to the Settlement Administrator no later than **October 9, 2018**.

20. The manner of giving notice as prescribed in this Order satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to notice.

21. Each Class Member shall have the right not to be included in the Class by mailing a signed request for exclusion to the Settlement Administrator, via first-class mail, postage prepaid, postmarked no later than **October 9, 2018**. Requests for exclusion must set forth the Class Member's name, address, and telephone number, and clearly state the person's intent to be excluded.

22. Any Class Member who does not submit a timely, written request for exclusion from the Class will be bound by all proceedings, orders, and judgments in this litigation, even if the Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the claims released in this case, and even if such Class Member never received actual notice of this litigation or this proposed settlement.

23. Unless and until they have submitted a timely request for exclusion from the Class, Class Members and their legally authorized representatives are preliminarily enjoined from:

    a. filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative or regulatory proceeding, arbitration, or other proceeding in any jurisdiction;

    b. filing, commencing, or prosecuting a lawsuit or administrative or regulatory proceeding, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action); and,

    c. attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based upon the claims released in the Settlement Agreement.

24. No later than **October 9, 2018**, each Class Member who does not timely opt out of the Class shall have the right to object to the settlement, to the adequacy of representation by Class Counsel, or to the request by Class Counsel for an award of attorneys' fees and out-of-pocket expenses. An objecting Class Member must send a

letter to the Settlement Administrator, Class Co-Counsel Cary Flitter, Esquire, and the Trusts' Counsel Eric Mattson, Esquire, and docket the objection.

25. Objections must contain, at least, the following: (1) the Class Member's name, address, email (if available), telephone number and signature; (2) a heading that refers to this action by case name and case number; (3) a statement of the basis for each objection; and (4) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number.

26. Failure to timely file and serve written objections in compliance with paragraph 26 of this Order will preclude a Class Member from objecting at the Final Approval Hearing.

27. No later than **October 15, 2018**, the Settlement Administrator shall file and serve on counsel a list of all persons who have timely opted out of the Class.

28. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement and for an award of attorneys' fees and out-of-pocket expenses by Class Counsel shall be filed no later than **October 22, 2018**.

29. Pursuant to Fed. R. Civ. P. 23(e), a final approval hearing will be held on **November 5, 2018**, at **9:00 a.m.**, in **Courtroom 9A,** at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, to determine:

    a. whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

    b. whether the proposed settlement is fair, reasonable and adequate;

    c. whether final approval should be granted;

      d.    whether a final judgment should be entered dismissing the claims of the Class with prejudice;

      e.    an award of attorneys' fees and out-of-pocket expenses; and

      f.    other such matters as the Court may deem appropriate.

<u>/s/TIMOTHY J. SAVAGE</u>